Per Curiam.
The only question in this case is, whether the loss was by capture, or by seizure in port. If by the former, the underwriters are liable; if by the latter, they are not, as they assume no risk in port, but sea risk. In whatever point of light the first boarding of the Eagle is to be viewed, there can be little doubt but the same must be deemed a capture. This will appear manifest from a brief statement of facts. She was about two leagues from land when boarded by a launch from the shore, with *285 forty or fifty men on board, armed with two swivels, and a number of muskets; after having fired two guns, and ordered the master to bring to his vessel, they took possession of the ship, put a prize master on board, and sent her into Port Passage, where she was compelled to perform a quarantine of eight days, after which a prize agent and French consul went on board, and sealed her hatches. The master and supercargo were sent to St. Sebastians. Some time after, a pilot and French crew were put on board the ship, and she was sent to Bayonne. The cargo was placed under sequestration, and remained on board the vessel for about two months, when it was landed by order of the French government, and placed in the public stores. If the taking possession of the vessel in this manner is to be deemed a capture, and of which there can be no doubt, the subsequent proceedings against her or the cargo are totally immaterial, if she was never released from the capture. Admitting that the proceedings after her being carried into Pori Passage are to be deemed a seizure in port, it will not discharge the underwriters. The capture was so far a total loss as to justify an abandonment; and unless released or restored before such abandonment, the rights of the parties were fixed, and it is immaterial what further perils awaited the property. These inquiries belong to the underwriters in whom the residuary interest is vested. This was the doctrine of this court in the case of Schieffelin v. New-York Ins. Co. (9 Johns. Rep. 27.) That the vessel never was discharged from the capture, nor restored to the master, before she was taken into possession by the officers of the French government, is very evident from the case. It is, therefore, a clear case of a total loss by capture, and the plaintiff is entitled to judgment accordingly.
Judgment for the plaintiff,